### EARGLE v. LORICK.

MORTGAGES.—When a mortgagee agrees that his debt in judgment be reduced to a certain amount if paid at a certain time, he cannot be required to take such sum unless conditions were complied with.

Before KLUGH, J., Lexington, January, 1898.    Affirmed.

Action by Joseph W. Eargle against Julius E. Lorick, J. H. Amick, C. M. Efird, and G. J. Slice.    The Circuit decree is as follows:

The defendant, J. H. Amick, was indebted upon a mortgage to Julius E. Lorick, and also upon a junior mortgage of the same land to J. W. Eargle.    Lorick brought suit to foreclose his mortgage and made Eargle a party.    The cause proceeded to judgment of foreclosure and sale, and the land was duly advertised and sold on the day of sale, which was the first Monday in December, 1895, and before the sale was made, Amick and Eargle went to the office of C. M. Efird, Esq., who was Lorick's attorney in the foreslosure suit, and entered into an agreement with him that the land was to be bid off by Efird as attorney, for the sum of $520, of which $420 was to be applied to the mortgage debt of Lorick and costs of the suit, and the remaining $100 was to go to Eargle, the junior mortgagee; that Amick was to have the right to take the bid, in case he paid down the amount

thereof, $520, by the first of January, 1896, and that if Amick failed so to do, Eargle was to have the bid. It appears that the amount of Lorick's mortgage as found by the decree of foreclosure was $429, besides costs. It also appears that the terms of sale fixed by the Court were one-third cash and the balance on a credit of one and two years, in equal instalments, bearing interest, and secured by mortgage, with leave to the purchaser to pay the whole of his bid in cash. After entering into the aforesaid agreement, the parties thereto proceeded to the place of sale. On the way Efird met Lorick and explained the agreement to him, and he consented to it on condition that his debt be paid promptly on the 1st of January. The sale was then had, and the land was bid off by C. M. Efird, as attorney, for the sum of $520. Thereafter he made and signed the following statement in writing: "Julius E. Lorick v. J. Harman Amick and J. W. Eargle. This case was bid off by me to-day for $520, with the understanding that if J. Harman Amick raise $420 by the first of January, 1896, and pay to me, and an additional $100 for Dr. J. W. Eargle, then I am to transfer this bid to him. If he does not meet this obligation by January 1st, 1896, the bid is to be transferred to Dr. J. W. Eargle. The calculation of $420 is intended to cover the amount due Julius E. Lorick, and the entire costs of the case, and that much must be paid to me, whether it amounts to more or less, besides the $100 to be raised for Dr. J. W. Eargle. C. M. Efird. December 2, 1895." Amick did not raise the money by January 1st, 1896, and a few days thereafter Efird notified Eargle that he was ready to transfer the bid to him. Eargle did not want the land, and he looked about for a purchaser and negotiated with several persons for the transfer of the bid to them. At last the defendant, G. J. Slice, was induced to take the land, and he went to see Lorick about it. Lorick informed him that neither Amick nor Eargle had kept their agreement, and that he was no longer bound by it. Therefore, Slice went to see Efird, and learned what were the terms of the sale as fixed by the Court. Eargle requested

Efird to transfer the bid to Slice.   Thereupon, on the 21st of February, 1896, Efird transferred the bid to Slice on the sheriff's book.   Slice paid one-third of the bid in cash, and gave his bond and mortgage for the balance, payable in one and two years, and received title to the land.   Lorick then demanded that the whole amount of his debt as fixed by the Court be paid.   The cash instalment, after deducting costs of the suit, was paid to him.   The first instalment of Slice's bond has been paid in to the sheriff, and by him paid over to Lorick.   The second instalment is not yet due.   The sale was duly reported and confirmed by the Court.   Eargle now brings this action against Lorick, Amick, Efird and Slice to recover the $100 which it was agreed should be paid to him out of the bid.   The defendants all answer except Amick, each denying his liability.   No bad faith was practiced by either Efird or Slice, and the plaintiff is entitled to nothing as against them.   If he is entitled to any relief, it is to have his $100 and interest thereon paid out of the proceeds of sale.   His rights in this regard depend upon the terms of the agreement with Lorick.   The latter, at the time when, on the day of sale, he assented to Efird's agreement with Eargle and Amick, did so upon the express condition that he was to be paid in cash at the day named the whole amount of his claim as fixed by said agreement.   Efird had no authority to bind Lorick by that agreement, and Lorick could either repudiate the agreement, or in becoming a party to it could limit it by any reasonable condition which he chose to fix.   The stipulation which he made is not unreasonable, in view of the concession of a part of his legally established debt.   The agreement not being kept by the other parties to it, Lorick was no longer bound by it, but was remitted to his rights as fixed by the decree of the Court. Lorick's position has been consistent throughout the entire transaction.   Before the suit was brought to foreclose his mortgage, he agreed with Amick to accept the principal of his debt, with eight per cent. interest added, *on condition* that the money was paid him without going into Court.

28—55

The condition was not performed, and he brought suit, and the Court awarded to him the full amount of his debt. So on the day of sale the amount of his claim was ascertained by adding to his principal eight per cent. interest and the estimated amount of costs of the suit. This he agreed to accept in full satisfaction, *on condition* that it be paid him by a day certain. The condition was not performed, and the party in default is entitled to nothing from him.

It is, therefore, ordered, adjudged and decreed, that the complaint be dismissed with costs.

From this decree plaintiff appeals.

*Messrs. G. T. Graham* and *P. H. Nelson,* for appellant, cite : *Findings of fact will be reversed when against the preponderance of the evidence:* 29 S. E. R., 3; 52 S. C., 210. *Lorick is bound by acts of his attorney in good faith and without fraud:* 25 S. E. R., 285; *Rucker* v. *Buyck,* 37 S. C. *Lorick is estopped by conduct from denying Eargle's claim for $100:* 12 S. C., 314; 23 S. E. R., 617; 26 S. E. R., 494, 617; 26 S. E. R., 606; 31 S. C., 805.

*Messrs Clark & Muller,* for Lorick, contra, cite : *Where party agrees to do a thing on conditions, he cannot be required to comply except upon performance of conditions:* 6 N. Y., 369; 6 T. R., 320.

June 28, 1899. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. The decree of his Honor, Judge Klugh, who heard this case on Circuit, presents a full and sufficient statement of the facts upon which this controversy turns, and his conclusions are not only sustained by the testimony, which we have carefully examined, but are fully vindicated by the reasons which he gives. Let the decree be reported.

We can add but little to what has been said by the Circuit Judge. The defendant, Lorick, had obtained a judgment of

foreclosure, in which the mortgaged premises were ordered to be sold on the following terms: one-third cash, and the balance in two equal instalments, payable in one and two years, with interest from the day of sale, and the proceeds of such sale, after paying the costs of the case, were directed to be applied, first, to pay the amount of the debt due Lorick, as ascertained by said judgment, and the balance to be applied to the debt due the plaintiff, junior mortgagee. Upon this judgment Lorick had a right to stand, and to insist upon the payment of the whole amount due him, unless he had agreed to accept a smaller sum in full satisfaction of his judgment. While the testimony does show that he agreed to accept a smaller sum upon condition that the same was paid in cash by the first of January, 1896, it also shows that such condition was not complied with, and, therefore, Lorick was no longer under any obligation to accept the same, but could assert his rights under the judgment, and this is just what he is doing. We do not think it would serve any useful purpose to go into any detailed discussion of the testimony, and are content to rest our conclusion upon the views presented by the Circuit Judge, after examining for ourselves the testimony set out in the "Case."

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.